**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**KEVIN MICHAEL STEWART**, *et al.*,

       **Plaintiffs,**

                                     **Civil Action 2:11-cv-00689**

**v.**                               **Judge Michael H. Watson**

                                     **Magistrate Judge E.A. Preston Deavers**

**WALTER L. DAVIS III,** *et al.*,

       **Defendants.**

<u>**ORDER AND REPORT AND RECOMMENDATION**</u>

This matter is before the Court for an initial screen of the Complaint pursuant to 28

U.S.C. §§ 1915(e)(2) and 1915A.  Additionally, at this time the Court will consider Plaintiff

Kevin Michael Stewart's ("Stewart") Motions for Emergency Preventive Relief.  (ECF No. 11.)

Plaintiff Stewart brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil

rights as well as the rights of five other individuals he attempts to name as Plaintiffs.  Plaintiff

Stewart is a pretrial detainee and an inmate at the Delaware (OH) County Jail.  His claims fall

into various categories including denial of access to courts, unconstitutional conditions of

confinement, and deliberate indifference to serious medical needs.  For the reasons that follow it

is **RECOMMENDED** that the Court **DISMISS** the purported claims of Plaintiffs Carl Teddy

Beatty, James Dwight Logan, Matthew Jay Marvin, Jonathan Ryan McDaniel, and Michael

Koogler without prejudice.  At this time the Court will allow Plaintiff Stewart to proceed on his

access to court claims, conditions of confinement claims, and his First Amendment claim

concerning the denial of reading materials.  It is **RECOMMENDED** that the Court **DISMISS**

the remainder of Plaintiff Stewart's claims for failure to state a claim.  Furthermore, it is

**RECOMMENDED** that the Court **DENY** Plaintiff Stewart's Motion for Emergency Preventive

Relief.  (ECF No. 11.)

## I.  STANDARD

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'"  *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>        *      *      *
>
> (B) the action or appeal--
>
>     (i) is frivolous or malicious;
>
>     (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31; *see also* 28 U.S.C. § 1915A (requiring the Court to screen a prisoner's complaint "as soon as practicable" and dismiss any portion of a complaint if it is frivolous, malicious, or fails to state a claim).  Thus, § 1915(e) and § 1915A require *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon

---

[1]Formerly 28 U.S.C. § 1915(d).

which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Fed. R. Civ. P. 8(a).  *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 566 U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Furthermore, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party.  *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted).  Additionally, the Court must construe *pro se* complaints liberally.  *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010).  The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations.  *Iqbal*, 129 S.Ct. at 1949.

## II.  ANALYSIS

**A.** **Claims of Other Plaintiffs**

Plaintiff Stewart is the only Plaintiff who has moved to proceed *in forma pauperis* in this case.  The Complaint, however, also purports to bring causes of action for Plaintiffs Carl Teddy Beatty, James Dwight Logan, Matthew Jay Marvin, Jonathan Ryan McDaniel, and Michael Koogler.

Inmates "'lack[] standing to assert the constitutional rights of other [inmates].'" *Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008) (quoting *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir.1989)); *see also Martin v. Box*, No. CIV-09-0192, 2009 WL 1605657, at *3 (W.D. Okla. June 5, 2009) (applying principle directly to pretrial detainees).  Consequently, "absent a request for certification of this matter as a class action lawsuit under Rule 23" an inmate is "limited to alleg[ing] violations of his own constitutional rights." *Id.*  Furthermore, "[p]ro se prisoners generally may not bring class action lawsuits concerning prison conditions." *Id.*  One reasons for this policy is that "it has generally been held that a *pro se* prison inmate may not maintain a class action because the inmate is not deemed to be able adequately to represent the interests of the class." *Brown v. Collins*, No. 2:07-cv-0826, 2008 WL 818793, at *2 (S.D. Ohio Mar. 24, 2008).

The Court has permitted only Plaintiff Stewart to proceed *in forma paurperis* in this case.  Plaintiff Stewart lacks standing to bring claims on behalf of other detainees.  Although Plaintiff Stewart identified this case as a class action on the Civil Cover Sheet, this document is not dispositive.  The Complaint does not request that the Court certify this matter as a class action under Federal Rule of Civil Procedure 23.  Nor does the Complaint make any clear attempt to

4

demonstrate that the requirements of Rule 23 are met.[2]  Under these circumstances, it is

**RECOMMENDED** that the Court **DISMISS** the claims of Plaintiffs Carl Teddy Beatty, James

Dwight Logan, Matthew Jay Marvin, Jonathan Ryan McDaniel, and Michael Koogler.  Such

dismissal should be without prejudice to allow these Plaintiffs to file their individual actions

separately, if they so choose.

**B.      Plaintiff Stewart's Claims**

Although Plaintiff Stewart separates his Complaint into fourteen purported claims, the

undersigned finds that his causes of action fall into broader categories.  Pursuant to an initial

screen,[3] and with the exception of claims specifically excluded below, at this juncture the Court

will allow Plaintiff Stewart to proceed on his access to court claims,[4] his conditions of

---

[2]  Plaintiff Stewart recently filed a "Statement of Class Action Jurisdiction."  This document, however, does not address the general prerequisites to a class action under Rule 23(a).  One clear shortcoming of any certification of a class action in this case is Plaintiff Stewart's inability to adequately represent the class.  The undersigned notes that Plaintiff Stewart moved the Court to appoint counsel in this case.  Given that this case is still in its preliminary stages, the Court denied the Motion to Appoint Counsel subject to reconsideration at a later time.  If at a later time the Court does appoint counsel, this may reopen the issue of class certification.  *See Brown v. Hurwood*, No. 2:10-cv-880, 2011 WL 63591, at *1 (S.D. Ohio Jan. 6, 2011) ("It would certainly be possible that if counsel were subsequently appointed for [the plaintiff], counsel could move for class certification, and with counsel's assistance, [the plaintiff] could serve a class representative.").  At this juncture, however, the Court finds that the best course of action would be to permit the other individuals to pursue their claims independently, if at all.

[3]   This determination in no way precludes Defendants from moving to dismiss Plaintiff Stewart's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) or 12(c).

[4]  The Court considers Plaintiff Stewart's claims regarding the loss of his legal materials, the inadequacy of the Delaware County Jail's law library, and the failure to notify him of his court dates as falling under this category.

confinement claims,[5] and his First Amendment claim concerning the denial of reading materials. It is **RECOMMENDED** that the Court dismiss the remainder of Plaintiff Stewart's claims.

The exact status of Plaintiff Stewart's criminal proceedings are somewhat unclear from the Complaint. Plaintiff Stewart, however, maintains that he is a pretrial detainee "only 'accused' of violating Ohio law . . . ." (Compl. 5c, ECF No. 1-2.) As a pretrial detainee, Plaintiff's conditions of confinement claims arise under the Due Process Clause of the Fourteenth Amendment. *See Ford v. Cnty of Grand Traverse*, 535 F.3d 483, 495 (6th Cir. 2008). The United States Supreme Court has emphasized that in evaluating the claims of pretrial detainees, at least for purposes of conditions of confinement claims, "the proper inquiry is whether those conditions amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Accordingly, "[a] court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose." *Id.* at 538. On a practical level, the United States Court of Appeals for the Sixth Circuit has treated the rights of pretrial detainees under the Fourteenth Amendment as analogous to the rights of prisoners under the Eighth Amendment. *See, e.g.*, *Harrell v. Grainger County, Tenn.*, 391 F. App'x 519, 522 (6th Cir. 2010) ("The Due Process Clause of the Fourteenth Amendment extends the protection of the Eighth Amendment to pretrial detainees . . . ."); *Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir.1992) ("While a pretrial detainee does not enjoy protection of the Eighth Amendment, the Eighth Amendment rights of prisoners are analogous to pretrial detainees' due process rights under the Fourteenth Amendment.")

---

[5] Plaintiff complains about a variety of the conditions of his confinement including a lack of exercise, overcrowding, unsanitary food preparation, and generally unsanitary living conditions.

In this case, in addition to his conditions of confinement claims, Plaintiff Stewart attempts to raise claims of deliberate indifference to his serious medical needs.  Specifically, Plaintiff Stewart maintains the he has gout and that Defendant Dr. Betty Mitchell has failed to accommodate him with diet restrictions.  Additionally, Plaintiff Stewart asserts that jail officials have failed to treat his mental and emotional anxiety caused by the repetitive nature of the television programming available to him at the jail.

Plaintiff Stewart has failed to allege sufficient facts to state a claim of deliberate medical indifference to his serious medical needs.  "A constitutional claim for denial of medical care has objective and subjective components."  *Harrell*, 391 F. App'x at 522 (internal quotations omitted).  To meet the objective element, an inmate must demonstrate that he or she "is suffering from a 'sufficiently serious' medical need, such that '[s]he is incarcerated under conditions posing a substantial risk of serious harm.'"  *Id.* at 523 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, (1994)).  The subjective component requires that the defendant act with "[d]eliberate indifference to a substantial risk of serious harm . . . ."  *Id.* (internal quotations omitted).  Accordingly, the jail official must act with a "sufficiently culpable state of mind."  *Farmer*, 511 U.S. at 834.  Here, with regard to Plaintiff Stewart's allegations concerning gout, he has failed to set forth sufficient facts to meet the subjective requirement and thus has not stated a facially plausible claim.  Specifically, the Complaint indicates that Dr. Mitchell offered to place Plaintiff Stewart on a restrictive diet to satisfy his medical needs.  Plaintiff Stewart admits that he refused this diet.  The fact that Dr. Mitchell was not willing to accommodate Plaintiff Stewart's diet restrictions in the exact manner he desired does not rise to the level of deliberate indifference.  Furthermore, Plaintiff Stewart's pleadings fail to satisfy the objective component with regards to

7

his claims of mental and emotional anxiety.  Plaintiff Stewart alleges in a conclusory fashion that he is suffering from mental and emotional anxiety as a result of having only a limited number of channels to access on the television.  These bare allegations, without more, do not sufficiently demonstrate that Plaintiff Stewart's anxiety rises to the level of a sufficiently serious medical need.[6]

Plaintiff Stewart also attempts to state a claim based on a lack of fire or emergency safety precautions. He specifically maintains that the Delaware County Jail fails to conduct routine fire drill or other emergency evacuation procedures.  The Sixth Circuit has recognized that "[a] review of cases dealing with fire safety in the constitutional context illustrates a continuum of various violations of fire safety, generally, and fire safety codes, specifically."[7] *Hadix v. Johnson*, 367 F.3d 513, 528 (6th Cir. 2004).  The Sixth Circuit has indicated that not all violations of fire safety lead to a violation and that a court should "identify the point at which certain fire safety deficiencies ceased being mere deficiencies and, instead, became constitutional violations." *Id.* at 529.  Although a lack of fire drills is certainly a factor to be considered in this area, it is not sufficient in and of itself.  *See Querido v. Wall*,  No. 10-098, 2010 WL 5558915, at *5 (D.R.I. Dec. 8, 2010) (listing various fire safety factors a court should

---

[6]  To the extent Plaintiff Stewart is attempting to bring a separate claim, independent of medical indifference, based on the lack of variety in television programming, he also fails to state a claim.  *See, e.g.*, *Walker v. Whitehorn*, No. 08–1020, 2011 WL 3843919, at *6 (W.D. La. Aug. 1, 2011) ("Prisoners have no constitutional right to watch television because watching television is not one of life's necessities nor is it a basic human need."); *Mize v. Woosley*, No. 4:10CV-P119, 2010 WL 4323073, at *3 (W.D. Ky. Oct. 26, 2010) (recognizing, in the context of a pretrial detainee, that there is no "constitutional protected right to watch television").

[7]  The undersigned notes, from a review of the cases cited in *Hadix*, that courts have found constitutional fire safety violation when several factors combine to suggest a serious safety risk.  *See* 367 at 528–29 (collecting cases).

8

consider including the existence of a safety plan and the presence of fire extinguishers, fire
alarms, and smoke detectors). Here, without further factual allegations beyond a lack of fire
drills, the undersigned cannot find that the circumstances cross from a mere deficiency to a
constitutional violation. *See Querido*, 2010 WL 5558915, at *5 (finding that a plaintiff who
alleged a lack of "sprinkler systems, fire drills or proper fire escapes" failed to state a viable
claim); *Mays v. Untig*, No. 08-CV-3379, 2010 WL 398901, at *3 (D.N.J. Jan. 26, 2010) ("The
absence of sprinklers or fire drills, so long as the facility is in compliance with local fire code,
does not amount to a viable claim."). Accordingly, Plaintiff Stewart has failed to state a claim
on this grounds.

Plaintiff Stewart additionally asserts that jail officials are retaliating against him in
violation of his First Amendment Rights. According to Plaintiff Stewart, because he has filed
grievances, jail officials have delivered his mail late on two separate occasions.[8] As the Sixth
Circuit has outlined:

> A retaliation claim essentially entails three elements: (1) the plaintiff engaged in
> protected conduct; (2) an adverse action was taken against the plaintiff that would
> deter a person of ordinary firmness from continuing to engage in that conduct; and
> (3) there is a causal connection between elements one and two—that is, the adverse
> action was motivated at least in part by the plaintiff's protected conduct.

*Kennedy v. City of Villa Hills, Ky.*, 635 F.3d 210, 217 (2011) (internal quotations omitted).
Here, Plaintiff Stewart's allegations fall short with regard to the second element. Without further
retaliatory behavior, two incidents of jail officials slightly delaying incoming mail is not
sufficiently adverse conduct to deter a person of ordinary firmness from filing jail grievances.

---

[8] Plaintiff Stewart specifically contends that he received his Friday July 8, 2011 mail two
days later than other inmates, and that his mail was also delivered late on Monday July 11, 2011.

9

Finally, Plaintiff Stewart also fails to state a claim based on the inadequacy of the jail handbook. Plaintiff Stewart claims, under the label of violation of due process, that the written listing of jail rules he and other inmates receive is inaccurate. To the extent Plaintiff Stewart is attempting state an independent due process claim based on these facts, the claim is insufficient. The alleged facts fail to demonstrate that Plaintiff Stewart has been deprived of any protected liberty interest as a result of the allegedly inaccurate jail handbook.

## C.      Motion for Emergency Injunctive Relief

Plaintiff Stewart has moved the Court for emergency injunctive relief. (ECF No. 11.) Temporary restraining orders and preliminary injunctions are available under Federal Rule of Civil Procedure 65. Both forms of relief require the Court to consider and balance the following four factors:

> (1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction.

*Overstreet v. Lexington-Fayette Urban Cty. Gov.*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000).

Here, Plaintiff Stewart's Motion and attached affidavit focus on Defendants' actions towards other inmates and not himself. Once again, Plaintiff Stewart lacks standing to seek injunctive relief on the behalf of others. Furthermore, Plaintiff Stewart does not demonstrate that he, rather than other detainees, will actually suffer any irreparable harm if the Court does not issue an injunction. Finally, the relief Plaintiff Stewart requests, amounting to a full-blown investigation of the day to day operations of Delaware County Jail as well as the grant of all

injunctive relief requested in the Complaint, would be substantially intrusive to the operations of the Delaware County Jail, as well as Defendants and other Delaware County Jail staff. *See* 18 U.S.C. § 3626(a) (2) ("In any civil action with respect to prison conditions . . . [p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."); *Uni. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) ("The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held."). Because of the level of intrusiveness the requested injunction would require, the Court finds—given that Plaintiff Stewart has not demonstrated that he is under a clear threat of immediate injury—any injunctive relief at this early stage would not serve the public interest. *Cf. Hughes v. Lavender*, No. 2:10–cv–674, 2011 WL 1337155, at *4 (Apr. 6, 2011) (holding that removing the normal deference the court gives to jail staff to make medical care decisions through a preliminary injunction, without a strong showing of threat of immediate injury, would not serve the public interest). Accordingly, the undersigned **RECOMMENDS** that the Court **DENY** Plaintiff Stewart's Motion for Emergency Preventive Relief.

### III. CONCLUSION

Based on the foregoing analysis, at this juncture the Court will allow Plaintiff Stewart to proceed on his access to court claims, his conditions of confinement claims, and his First Amendment claim concerning the denial of reading materials. Additionally it is **RECOMMENDED** that the Court **DISMISS** the purported claims of Plaintiffs Carl Teddy Beatty, James Dwight Logan, Matthew Jay Marvin, Jonathan Ryan McDaniel, and Michael Koogler without prejudice. It is further **RECOMMENDED** that the Court **DISMISS** the

remainder of Plaintiff Smith's claims for failure to state a claim consistent with the analysis of this Report and Recommendation.  As the above recommendations will result in dismissal of all claims against Defendants Betty Mitchell and Jodi Douglas, it is **RECOMMENDED** that the Court **DISMISS** them from this action.  Furthermore, it is **RECOMMENDED** that the Court **DENY** Plaintiff Stewart's Motion for Emergency Preventive Relief.  (ECF No. 11.)

The record reflects that Plaintiff Stewart has not provided copies of his Complaint for service.  Plaintiff Stewart has moved the Clerk of Court to Produce Copies of the Complaint for Service.  (ECF No. 9.)  Even considering Plaintiff Stewart's access to court claims, it is still his responsibility to provide copies of his Complaint for service on Defendants.  Accordingly, this Motion is **DENIED**.  The Court will accept handwritten copies of Plaintiff's Complaint for service if he is still unable to gain access to a photocopier.[9]  The Court, in exercising its discretion, **DIRECTS** that the Clerk provide Plaintiff Stewart with one copy of the Complaint to facilitate this process.  Additionally, Plaintiff Stewart may seek leave to further amend his Complaint to reduce the length and scope of his claims.

Once Plaintiff submits sufficient copies of the Complaint, the United States Marshal is **DIRECTED** to serve by certified mail upon the remaining Defendants a summons, a copy of the Complaint, and a copy of this Order.   The Court advises Plaintiff that he must assure that each Defendant is served with process within 120 days of this Order and Report and Recommendation.  The Court may dismiss all claims against any party not served within 120 days pursuant to Federal Rule of Civil Procedure 4(m).  The remaining Defendants are

---

[9] Although the Court acknowledges that Plaintiff Stewart's Complaint is currently forty-eight pages in length, this is a consequence of his own litigation strategy.

**ORDERED** to answer or otherwise respond to the Complaint within 45 days of being served with a summons and a copy of the Complaint.

The Clerk of Court is **DIRECTED** to mail a courtesy copy of the Complaint and a copy of this Order to the Attorney General of Ohio, Corrections Litigation Section, 150 East Gay Street, 16th Floor, Columbus, Ohio 43215.

## IV.  NOTICE

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the

issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: September 19, 2011                              /s/ *Elizabeth A. Preston Deavers*
                                                     Elizabeth A. Preston Deavers
                                                     United States Magistrate Judge

14