UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KEVIN MICHAEL STEWART,

      **Plaintiff,**

                                                                      Civil Action 2:11-cv-689
    v.                                           Judge Michael H. Watson
                                                       Magistrate Judge Elizabeth P. Deavers

**WALTER L. DAVIS III,** *et al.***,**

      **Defendants.**

## ORDER

This matter is before the Court for consideration of Defendants' Motion to Dismiss or in the Alternative Motion to Strike.  (ECF No. 52.)  Plaintiff filed his Response in Opposition to Defendants' Motion on August 14, 2012.  (ECF No. 59.)  Defendants filed their Reply on August 22, 2012.  (ECF No. 60.)  For the reasons that follow, Defendants' Motion is **DENIED** without prejudice.

Plaintiff, an Ohio inmate who proceeds without the assistance of counsel and *in forma pauperis* filed this civil rights action under 42 U.S.C. § 1983 asserting claims against numerous Defendants.[1]  After conducting an initial screen pursuant to 28 U.S.C. § 1915(e), the Court dismissed Plaintiff's purported claims of retaliation, deliberate indifference toward his serious medical needs, and his condition of confinement claim based on a lack of variety in television programing.  (Order 10, 12, ECF No. 26.)  The Court permitted Plaintiff to proceed on other condition of confinement claims, his access to court claims, and his First Amendment claim

_____

[1] Plaintiff brought this action along with five other inmates.  The Court has since dismissed the other five inmates as plaintiffs.  (ECF Nos. 26 and 46.)

concerning the denial of access to reading materials. (Report and Recommendation 1, ECF No. 13.) On July 12, 2012, Defendants filed a Motion to Dismiss for failure to timely serve under Federal Rule of Civil Procedure 4(m). In their Motion, Defendants also raise the defenses of insufficient process and insufficient service of process under Rule 12(b)(4) and (5).[2]

Rule 4(m) of the Federal Rules of Civil Procedure provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). This Court has observed that "'[a] *pro se* plaintiff is entitled to some degree of leniency in the application of Rule 4's requirements to ensure that his case is justly resolved on the merits rather than on the basis of procedural technicalities.'" *Kirk v. Muskingum Cnty. Ohio*, 2:09-cv-00583, 2011 WL 1480136, at *4 (S.D. Ohio Apr. 19, 2011) (quoting *Su v. Cincinnati City Prosecutor*, No. C-1-07-902, 2008 WL 3932320, at *2). If a plaintiff does not complete service within the time period set forth in Rule 4(m), he may show good cause for his failure to effect service. Fed. R. Civ. P. 4(m). Even if a plaintiff lacks good cause, it is within the Court's discretion whether to dismiss the action or extend service time. *Wise v. Dep't of Def.*, 196 F.R.D. 52, 56 (S.D. Ohio 1999).

When a defendant challenges service, "'the burden rests with the plaintiff to establish that service is properly made.'" *Kirk*, 2011 WL 1480136, at *4 (quoting *McCombs v. Granville Exempted Vill. Sch. Dist.*, No. 2:07-cv-00495, at *3 (S.D. Ohio Feb. 24, 2009)). This Court and

---

[2] Subsections (4) and (5) of Rule 12(b) permit a defendant to "assert the following defenses by motion: . . . (4) insufficient process; (5) insufficient service of process." Fed. R. Civ. P. 12(b)(4)-(5).

other federal courts have held, however, that "[a] process servers' affidavit of service 'establishes a prima facie case of the account of the method of service and establishes a presumption of proper service.'" *Id.* (quoting *State Farm Auto Ins. Co. v. CPT Med. Serv., Inc.*, No. 04-cv-5045, 2005 WL 2465818, at *1 (E.D.N.Y. Oct. 6, 2005)); *see also S.E.C. v. Internet Solutions for Bus. Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007) ("A signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence.") (internal quotations omitted).

Here, Defendants argue that Plaintiff failed to perfect timely service as Rule 4(m) requires, not because Plaintiff perfected service late, but because Plaintiff's service materials are defective.[3]  Since a properly executed return of service has been docketed in this case, (ECF No. 50), service is presumed to be effective. *Kirk*, 2011 WL 1480136, at *4.  Thus, to prevail on their Motion to Dismiss, Defendants must rebut the presumption and demonstrate that service is defective.

Defendants first contend that Plaintiff's service materials are defective because Plaintiff included extra pages within the materials that had not been filed as part of his Complaint.  They state that "[u]pon review of [the service materials attached as] Exhibit 1, it is obvious that the Plaintiff included new materials in his service copies and that these pages have never been filed with the Court." (Def.'s Mot. 5, ECF No. 52.)  Defendants do not, however, indicate how many pages of its thirty-nine page exhibit were served but not filed, much less identify the pages for

---

[3] The Court notes that Plaintiff sought and received an extension of time to submit his service materials to the U.S. Marshall and provided his materials within the time allotted. (Order 1, ECF No. 44.)  In its May 31, 2012 Order, the Court directed Plaintiff to submit his service materials within fourteen days of the date of the Order. *Id.*  Plaintiff submitted his materials to the clerk of court on June 15, 2012.  (ECF No. 48.)  Taking into consideration mailing time afforded to *pro se* litigants, Plaintiff's submission was timely.

the Court. Nor do Defendants set forth the substance of the pages in question. It is not the Court's responsibility to sift through and compare Defendants' thirty-nine-page exhibit with Plaintiff's Complaint. It is Defendants' responsibility to do so to rebut the presumption that service was effective.

Defendants also argue that Plaintiff omitted pages of the Complaint in his service copies. Again, however, Defendants fail to identify the pages that Plaintiff purportedly omitted, and to set for the substance of the omitted pages. Morever, Defendants have access to a complete copy of the Complaint through the CM/ECF electronic database. As this Court has previously noted, "the requirements of Rule 4 should be liberally construed when the defendant is not prejudiced." *Brown v. Voorhies*, No. 1:07-cv-463, 2009 WL 2730522, at *6 (S.D. Ohio Aug. 26, 2009) (citing *Gottfried v. Frankel*, 818 F.2d 485, 493 (6th Cir. 1987)). Accordingly, Defendants have failed to carry their burden of rebutting the presumption that service was effective.[4]

Defendants alternatively ask that the Court strike the pages Plaintiff served with his Complaint that he had not previously filed. (Def.'s Mot. 5, ECF No. 52.) As Defendants point out, however, the new materials have not been filed with the Court. Defendants' Motion is thus premature, as the Court cannot preemptively strike court filings. Even if Plaintiff had filed the materials with the Court, Defendants failed to identify which pages of their thirty-nine-page exhibit warrant striking.

Accordingly, Defendants' Motion to Dismiss is **DENIED** without prejudice. Defendants

---

[4] Defendants also mention in a footnote that Plaintiff has not perfected nor attempted service on Defendant Davis in his individual capacity. (Def.'s Mot. 3 n.1, ECF No. 52.) Because Defendants only raise this argument in passing with no support or development, the Court finds it insufficient to warrant dismissal of one of Plaintiff's claims. If Defendants wish to develop and support their argument with citations to the record and legal authority, they are free to raise the issue again in a renewed motion to dismiss.

may, if they so choose, file a renewed Motion to Dismiss in which they develop their arguments sufficiently to overcome the presumption that service was effective.  Defendants' alternative Motion to Strike is also **DENIED** without prejudice.  If Plaintiff files the extra materials he served with his Complaint, Defendants may, if they so choose, file a renewed Motion to Strike identifying the pages that warrant striking.

    **IT IS SO ORDERED.**

Date: December 5, 2012                                      /s/ *Elizabeth P. Deavers*
                                                                        Elizabeth P. Deavers
                                                                        United States Magistrate Judge